IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH B. FARRIS, Jr., ) | |
| #20160127118, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00272-SMY |
| ) | |
| MRS. KURR, ) | |
| MRS. CARPENTER and ) | |
| WARDENS JOHN DOE ##1-3, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Kenneth Farris is a former inmate at Robinson Correctional Center ("Robinson") (Doc. 1, p. 5). He is partially paralyzed and wheelchair bound. Soon after Plaintiff transferred to Robinson in March 2015, a prison physician authorized the use of an "ADA assistant" to help him with his daily living needs. The physician also ordered a transfer board for use in moving Plaintiff between his bed and wheelchair (*Id*.).

Plaintiff claims that Robinson's two medical directors, Defendants Kurr and Carpenter, disregarded both orders. They routinely denied Plaintiff access to an ADA assistant and a transfer board. Unable to move from his bed into his wheelchair unassisted, Plaintiff remained bedridden for the "majority of the time" (*Id*.). Until he was released from Robinson on November 26, 2015, Plaintiff was regularly denied access to meals, bathrooms, showers and recreational opportunities.

Plaintiff wrote six or seven grievances to complain about these conditions to prison officials, including two of the prison's unknown wardens (Wardens John Doe #1 and #2).

Although Plaintiff did not file a copy of these grievances with his Complaint or describe them in any detail, the Complaint suggests that his grievances were disregarded or denied.

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983 against Wardens John Doe ##1-3 and Medical Directors Kurr and Carpenter.  He seeks monetary damages (*Id*. at 6).

### **Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's Complaint survives review under this standard.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the below counts:

**Count 1:**   Defendants exhibited deliberate indifference toward Plaintiff's serious medical needs at Robinson, in violation of the Eighth Amendment, when they denied him access to an ADA assistant and transfer board.

**Count 2:**   Defendants subjected Plaintiff to unconstitutional conditions of confinement at Robinson, in violation of the Eighth Amendment.

**Count 3:**   Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. §§ 794-94e, when they denied him the use of an "ADA assistant" and transfer board.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Discussion

Upon review of the allegations in the Complaint, the Court finds that the Eighth Amendment claims in **Counts 1** and **2** are subject to further review against **Defendants Kurr** and **Carpenter**. However, the allegations support no claim in Count 1 or 2 against the unknown wardens.

Under § 1983, a government official may only be held liable for his or her own misconduct. *Locke v. Hoessig*, 788 F.3d 663, 669 (7th Cir. 2015). In order to recover damages against a prison official who is acting in a supervisory role, such as a warden, a § 1983 plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He must instead allege facts which tend to show that the supervisory official personally participated in a constitutional violation, which occurs in this context when the official realizes that a substantial risk of serious harm to the prisoner exists and disregards the risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, although Plaintiff names three unknown wardens as defendants in the case caption, his statement of claim mentions only two. The allegations are insufficient to support an Eighth Amendment claim against even those two wardens. Plaintiff merely alleges that he tried to "resolve this" with the two unknown wardens (Doc. 1, p. 5). This vague allegation falls far short of demonstrating the requisite level or personal involvement in a constitutional violation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Accordingly, Counts 1 and 2 shall be dismissed without prejudice against all of the wardens.

The Complaint also fails to state a colorable claim against the named defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e (**Count 3**).[1]  The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132 (2006).  The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability.  *See* 29 U.S.C. §§ 794-94e.  Discrimination under both includes the failure to accommodate a disability.

However, individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act, and Plaintiff has named no other defendants.  *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012).  The proper defendant is the relevant state department or agency.  *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).  When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice.  *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption").  Accordingly, the ADA and Rehabilitation Act claim in **Count 3** shall be dismissed without prejudice.

## Pending Motions

---

[1] Plaintiff does not explicitly raise a claim under the ADA or Rehabilitation Act.  However, at this early stage in litigation, the Court must consider all of the litigant's claims and not just the particular legal theories he propounds, particularly because he is litigating *pro se*.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667 (7th Cir. 2012).

Plaintiff also filed two Motions for Recruitment of Counsel (Docs. 3, 10), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice against Defendants **WARDENS JOHN DOE ##1-3**, and **COUNT 3** is **DISMISSED** without prejudice against all of the named defendants for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNTS 1** and **2** are subject to further review against Defendants **KURR** and **CARPENTER**.  With regard to **COUNTS 1** and **2**, the Clerk shall prepare for Defendants **KURR** and **CARPENTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on the Motions for Recruitment of Counsel (Docs. 3, 10), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 21, 2016**

<u>**s/ STACI M. YANDLE**</u>
**District Judge**
**United States District Court**