IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH B. FARRIS, JR.,           )
                                  )
    Plaintiff,                    )
                                  )
v.                                )     Case No. 3:16-cv-272-RJD
                                  )
SUSAN KURR, et al.,               )
                                  )
    Defendants.                   )

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Kenneth Farris brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson"). Farris alleges he suffers permanent paralysis of his right arm and right leg and, as a result, is confined to a wheelchair and requires assistance to perform activities of daily living. While at Robinson, Farris contends he was not provided with an assistant or otherwise accommodated in order to perform his activities of daily living. Following a ruling on Defendants' motions for summary judgment, Plaintiff is proceeding on the following claims:

    Count One:    Violation of the Americans with Disabilities Act against the IDOC.

    Count Two:    Violation of the Rehabilitation Act against the IDOC.

    Count Three:  Eighth Amendment deliberate indifference claim against Kerr and Wampler.

    Count Four:   Eighth Amendment unconstitutional conditions of confinement claim against Kerr and Wampler.

    Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 124, 125, 131, and 132). The Court has reviewed the motions and the responses thereto, and sets forth

its rulings as follows:

**<u>Plaintiff's Motion in Limine #1 (Doc. 124)</u>**

Plaintiff seeks to bar testimony disputing that he did not have an ADA attendant. Plaintiff contends that he testified under oath at his deposition that he was never provided with an ADA attendant and no party or witness has provided any documentation or other evidence that demonstrates an attendant was assigned. Plaintiff asserts Defendants have previously disputed that Plaintiff was not provided with an ADA attendant on the following bases: (1) in 2015, Robinson "did not always assign a specific inmate to be a wheelchair-bound inmate's attendant, as Robinson allowed individuals to ask one of the other 100 inmates on their wing to help them with their wheelchair"; and (2) IDOC "does not currently have any records that show whether or not Plaintiff was assigned an ADA attendant."

Plaintiff asserts it is improper and impermissible for IDOC to suggest it could delegate its obligations under the ADA and Rehabilitation Act, and ignore a doctor's order requiring assignment of an ADA attendant. Plaintiff also contends it is improper and impermissible for Defendants IDOC and Kerr to rely on the absence of documentary evidence to controvert Plaintiff's testimony that he was not provided with an ADA attendant.

The Court takes this matter **UNDER ADVISEMENT**. It is not apparent that the testimony Defendants may seek to elicit is hearsay, irrelevant, or inadmissible for any other purpose. The Court will issue a final ruling when it is clear whether and how Defendants may introduce such testimony or evidence.

**<u>Plaintiff's Motion in Limine #2 (Doc. 125)</u>**

Plaintiff seeks to bar testimony or evidence of Plaintiff's criminal history. Plaintiff asserts such evidence is neither relevant nor admissible under Federal Rule of Evidence 609, and unfairly

prejudicial under Rule 403. Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions under Rule 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions concerning his incarceration in the Illinois Department of Corrections is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of a felony and was incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff was incarcerated.

The Court is not addressing Plaintiff's incarceration in Florida as it has not been raised by the parties in a motion in limine.

**Motions in Limine filed by Defendant Heather Wampler (Doc. 131)**

1. Defendant Wampler seeks to preclude any and all argument and evidence of medical treatment provided to other inmates. Plaintiff objects, arguing to the extent Defendant Wampler is seeking to exclude evidence that other wheelchair-bound inmates housed at Robinson were assigned ADA attendants, such evidence demonstrates that Plaintiff's

disability was met with deliberate indifference. The Court disagrees. Evidence of medical treatment provided to other inmates is not relevant to Plaintiff's Eighth Amendment claims against Defendant Wampler. Defendant's motion is **GRANTED**.

2. Defendant Wampler seeks to preclude all argument and evidence of Defendant's insurance or insurance policy. Plaintiff has no objection. Defendant's motion is **GRANTED**.

3. Defendant Wampler seeks to preclude all argument and evidence concerning defense counsel's law firm or time and cost associated with defense. Plaintiff has no objection. Defendant's motion is **GRANTED**.

4. Defendant Wampler seeks to preclude any statement, testimony, or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company. Plaintiff has no objection. Defendant's motion is **GRANTED**.

5. Defendant Wampler seeks to preclude any and all argument and evidence concerning the status of settlement negotiations. Plaintiff has no objection. Defendant's motion is **GRANTED**.

6. Defendant Wampler seeks to preclude any and all argument and evidence concerning Defendant's failure to take responsibility for her actions. Plaintiff has no objection. Defendant's motion is **GRANTED**.

7. Defendant Wampler seeks to preclude any and all argument or evidence concerning Plaintiff's offering of medical or other technical literature as hearsay. Plaintiff has no objection with the understanding that the motion is not seeking to preclude medical records pertaining to his treatment. Defendant's motion is **GRANTED**.

8. Defendant Wampler seeks to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts.

Plaintiff states that he intends to offer permissible lay opinion testimony regarding the humiliation and embarrassment he has suffered. Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal experiences and observations, but Plaintiff shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

9. Defendant Wampler seeks to bar expert testimony from witnesses not identified as experts. Plaintiff has no objection. Defendant's motion is **GRANTED**.

10. Defendant Wampler seeks to exclude any and all reference to any other litigation or claims in which Defendant is or has been involved. Plaintiff has no objection. Defendant's motion is **GRANTED**.

11. Defendant Wampler seeks to preclude any and all argument or evidence that Defendant failed to meet the standard of care. Defendant asserts that evidence regarding the standard of care for doctors or nurses would mislead the jury and confuse the issues as Plaintiff only brings a claim of deliberate indifference against Defendant. Plaintiff objects to this motion to the extent it is seeking to preclude evidence of Defendant Wampler's obligations under the ADA, the IDOC Administrative or Institutional Directives, and/or the Wexford Health Operations Policies and Procedures of Illinois. The motion is **GRANTED** to the extent that Plaintiff shall not be allowed to introduce evidence of negligence or reference a "standard of care" as the presentation of such issues is likely to confuse the jury and is irrelevant to the claim of deliberate indifference. To the extent Defendant's motion is intended to bar evidence of Wampler's obligations under the ADA, the IDOC

Administrative or Institutional Directives, and/or the Wexford Health Operations Policies and Procedures of Illinois, it is **TAKEN UNDER ADVISEMENT**. The Court shall only issue a final ruling after it is clear what policies, protocols, or directives Plaintiff may seek to introduce.

12. Defendant Wampler seeks to preclude any and all argument or evidence comparing medical treatment inside the prison system to treatment provided at a medical facility outside the prison system. Plaintiff has no objection. Defendant's motion is **GRANTED**.

13. Defendant Wampler seeks to preclude any instruction from Plaintiff's counsel to the jury to send a message to Defendant or act as the conscience of the community. Plaintiff has no objection. Defendant's motion is **GRANTED**.

14. Defendant Wampler seeks to preclude any documents, testimony, or other evidence not expressly produced in written discovery. Plaintiff has no objection. Defendant's motion is **GRANTED**.

15. Defendant Wampler seeks to preclude Plaintiff from testifying on issues relating to the causation of his injuries and medical treatment. Defendant contends Plaintiff is not a physician and does not have the training to determine whether his claimed injuries, medical treatment, and alleged diagnosis arose from or was caused in any way by the conduct of the Defendant. Plaintiff states that he intends to offer permissible lay opinion testimony regarding the humiliation and embarrassment he has suffered. Plaintiff also testified he experienced hunger and was unable to participate in recreational time. Plaintiff asserts such testimony does not require expert opinions. Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal

experiences and observations, but Plaintiff shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

16. Defendant Wampler seeks to preclude any reference to Plaintiff's application for Social Security benefits during his time at Robinson. Plaintiff has no objection. Defendant's motion is **GRANTED**.

17. Defendant Wampler seeks to preclude any reference to Plaintiff's attempts for admission to the infirmary during his time at Robinson. Plaintiff asserts that he requested placement in the infirmary so he could obtain necessary assistance with his activities of daily living, which go directly to his Eighth Amendment claims. The Court agrees. Defendant's motion is **DENIED**.

18. Defendant Wampler seeks to preclude any reference to her lack of appearance at trial. Plaintiff has no objection. Defendant's motion is **DENIED**.

19. Defendant Wampler requests leave of court to file additional motions in limine following the final pretrial conference. Defendant's motion is **DENIED**. The Court may accept other motion in limine filings prior to a final pretrial conference.

**Motions in Limine filed by Defendants the Illinois Department of Corrections and Susan Kerr (Doc. 132)**

1. Plaintiff and his witnesses should be barred from testifying at trial regarding the causation of any medical or mental health conditions. Plaintiff states that he intends to offer permissible lay opinion testimony regarding the humiliation and embarrassment he has suffered. Plaintiff also testified he experienced hunger and was unable to participate in

recreational time. Plaintiff asserts such testimony does not require expert opinions. Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal experiences and observations, but Plaintiff shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

2. Plaintiff should be barred from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. Plaintiff has no objection. Defendants' motion is **GRANTED**.

3. Plaintiff should be barred from offering the inadmissible hearsay statements of any medical or mental health professionals. Plaintiff asserts he intends to call Dr. Vipin Shah and Dr. Roderick Matticks at trial and/or rely on their previously provided deposition testimony in the event they are not available to testify at trial. The Court generally will allow Pliantiff to present the testimony of Dr. Shah and Dr. Matticks; however, determinations regarding hearsay will have to be made at trial. Defendants' motion is **GRANTED**.

4. Plaintiff and his witnesses should be barred from testifying at trial regarding whether the Defendants followed Illinois Department of Corrections Policies and Procedures. The motion is **TAKEN UNDER ADVISEMENT**. The Court shall issue a final ruling after it is clear what policies, protocols, or directives Plaintiff may seek to introduce.

5. Plaintiff should be prohibited from offering evidence or testimony of other lawsuits involving Defendants. Plaintiff has no objection. The motion is **GRANTED**.

6. Plaintiff should be prohibited from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. Plaintiff has no objection with the

understanding that it is directed at claims of misconduct, reprimands, or grievances brought against the IDOC Defendants by persons other than Plaintiff. The motion is **GRANTED**; however, claims of misconduct or grievances brought by Plaintiff are relevant and may be admissible pending hearsay determinations.

7. Plaintiff should be prohibited from offering evidence or testimony referencing any "Golden Rule" appeal. Plaintiff has no objection. The motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: September 16, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**