IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH B. FARRIS, JR., )
                                                                                     )
    Plaintiff, )
                                                                                      )
v. ) Case No. 3:16-cv-272-RJD
                                                                                      )
SUSAN KERR, et al., )
                                                                                      )
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Allow Plaintiff to be Present In-Person for Trial (Doc. 153). For the reasons set forth below, the Motion is **DENIED**.

**I.    Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center. Following a ruling on summary judgment motions, Plaintiff is proceeding to trial in this action on the following claims:

    Count One:    Violation of the Americans with Disabilities Act against the IDOC.

    Count Two:    Violation of the Rehabilitation Act against the IDOC.

    Count Three:    Eighth Amendment deliberate indifference claim against Kerr and Wampler.

    Count Four:    Eighth Amendment conditions of confinement claim against Kerr and Wampler.

On November 26, 2018, the Court set this matter for trial on April 1, 2019[1] (Doc. 136).

---

[1] The Court moved the trial date at the request of Defendants and over the objection of Plaintiff (*see* Doc.136). Trial had previously been scheduled for December 11, 2018.

Counsel for Plaintiff filed a motion to vacate the trial setting on February 14, 2019 (Doc. 145), explaining that counsel was recently notified that Plaintiff had been arrested and was in the custody of Hernando County Detention Facility in Brooksville, Florida. The Court granted the motion to vacate and held a status conference with the parties on March 18, 2019 (*see* Doc. 149). At the March 18, 2019 status conference, counsel for Plaintiff indicated he had not been able to communicate with Plaintiff. Counsel was directed to continue his efforts to contact Plaintiff. Another status conference was held on April 25, 2019 (*see* Doc. 151). Counsel for Plaintiff advised the Court that Plaintiff was sentenced to serve 20 months in a Florida Department of Corrections facility, with 83 days credited for time served. The Court advised counsel it was not inclined to stay this matter pending Plaintiff's release given the prejudice it would cause Defendants. As such, the undersigned set this matter for trial to begin August 20, 2019. Plaintiff was to notify the Court if he consented to trial by video by May 24, 2019.

On May 20, 2019, Plaintiff filed a Motion to Allow Plaintiff to be Present in Person for Trial (Doc. 153). In his motion, Plaintiff asserts that he could potentially suffer prejudice if he were to appear via video at trial as the jury would be aware that he has been incarcerated again and influence the jury's views on his character. Plaintiff further asserts that video conferencing in not the same as actual presence, and the ability to observe demeanor may be lessened by engaging in video conferencing.

Plaintiff argues there is no immediate need to litigate this matter and the rights of Defendants would not be burdened if the Court allowed Plaintiff to be present in person at his trial upon his release from the Florida Department of Corrections in September 2020. Counsel also notes he would have to choose to either be present with Plaintiff and not in the same room as the judge or jury, or be present in the courtroom and be unable to confer in person with Plaintiff.

Defendant Wampler filed a response to Plaintiff's motion (Doc. 154). In her response, Defendant Wampler asserts that staying this matter until September 2020 would unduly prejudice Defendants as it would be nearly five years old at the time of trial. Wampler also asserts any prejudice to Plaintiff by appearing via video would be mitigated insofar as Wampler will only be appearing by videotaped deposition. Finally, Defendant Wampler asks that this matter be dismissed for failure to prosecute because it appears Plaintiff "has no intention of agreeing to a trial by video conference," and he will therefore not be available for trial.

Since filing his motion that is now before the Court, Plaintiff has been released from custody in Florida, and incarcerated in Arizona (Doc. 164). Most recently, on February 18, 2020, Plaintiff's counsel advised the Court that he has been sentenced to serve an additional three years in prison in Arizona (Doc. 168). It is not clear where his permanent facility will be.

## II.     Discussion

It is well settled that a prisoner lawfully committed has no constitutional right to be produced as a witness in his own civil rights action. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976) (citing *Edgerly v. Kennelly*, 215 F.2d 420 (7th Cir. 1954)). It is within the discretion of the court to determine whether a prison inmate shall attend court proceedings held in connection with an action initiated by the inmate. *Id.* "In exercising that discretion, the court must weigh the inmate's interest in being present in court to give testimony in support of his claim against the government's interest in maintaining his confinement." *Perotti v. Quinones*, 790 F.3d 712, 721 (7th Cir. 2015). In *Perotti*, the Court reiterated the factors the court should consider in weighing the competing interests: (1) the cost and inconvenience of transporting the plaintiff to court from his place of incarceration; (2) the potential danger or security risk that the plaintiff would pose to the court; (3) the substantiality of the matter at issue; (4) any need for an early determination of

the claim; (5) the possibility of postponing trial until the plaintiff is released from prison; (6) the plaintiff's probability of success on the merits of his claim; (7) the integrity of the correctional system; (8) the plaintiff's interests in presenting his testimony in person rather than by alternative means. *Id.* In considering the plaintiff's interests in presenting his testimony by other means, a court should consider (a) whether the case will be tried to the bench or to a jury; (b) whether the plaintiff has other witnesses to call or is the sole person who can provide testimony consistent with his complaint; and (c) whether the defendants themselves plan to testify. *Id.*

More recently, courts have considered the availability of video conferencing as a means to present the plaintiff's testimony. Video conferencing "enables both the plaintiff in the prison and those present in the courtroom to simultaneously see and hear one another in real time, and in that sense represents a great leap forward from the alternatives to in-court appearances that were available forty years ago." *Id.* at 722. In *Thornton v. Snyder*, the Seventh Circuit cautioned that videoconference proceedings "have their shortcomings," and "virtual reality is rarely a substitute for actual presence." 428 F.3d 690, 697 (7th Cir. 2005) (internal quotations omitted). However, the Court reiterated that the decision lies within the district court's discretion. *Id.* at 698.

In the instant case, the nature of this civil action, the expense and logistical challenges associated with transporting Plaintiff to the courthouse, the significant time associated with a stay of the action until Plaintiff's release, and the possible availability of videoconferencing technology all weigh heavily against allowing Plaintiff to appear in-person for his civil trial.

A.  Cost and Inconvenience

Plaintiff is currently an inmate in the custody of the Arizona Department of Corrections and his permanent facility is not yet known. The costs associated with transporting, housing, and securing Plaintiff for trial will presumably be at government expense as Plaintiff has made no

indication he is able or willing to pay for the same. The Court finds such costs would be substantial (though no monetary number has been estimated or provided by any party to this action) as it would require significant interstate travel and additional staff resources for transport and the duration of trial. Moreover, the logistical concerns related to whom would take custody over Plaintiff during his transport and throughout trial are significant and burdensome. Simply put, the cost and inconvenience in ensuring Plaintiff's attendance at trial cannot be overstated.

    B. <u>Substantiality</u>

This is a civil rights action alleging claims under the Americans with Disabilities Act, Rehabilitation Act, and Eighth Amendment. Briefly, the claims to be presented at trial rest on Plaintiff's allegations that he was denied an ADA attendant or transfer board that limited his access to toilet facilities, meals, and other services at Robinson. Because Plaintiff has not alleged a physical injury, his damages are limited. Specifically, under the Prison Litigation Reform Act ("PLRA"), only nominal damages are available when there is no physical injury. 42 U.S.C. § 1997e(e). Although there may be a question as to whether punitive damages are plausible, it is not apparent they are likely to be awarded based on the evidence in the record. Thus, while the importance of Plaintiff's ability to pursue his civil rights complaint cannot be trivialized, it appears that the amount in controversy is minimal.

    C. <u>Postponement and Presentment of Testimony by Alternative Means</u>

First, the Court finds that a further stay of this litigation to allow Plaintiff to present his testimony live and in-person following his release from prison in Arizona does not offer a suitable resolution. This matter has effectively already been stayed for one year while Plaintiff was incarcerated in Florida. At present, it appears Plaintiff will be incarcerated in Arizona for three additional years. Thus, if the Court were to stay this matter until Plaintiff's release, trial would

not occur for seven years after filing. It would be neither just nor promote the interests of the parties or judicial economy to stay this matter until Plaintiff's release.

While there is no question that Plaintiff has an interest in presenting his testimony in person, particularly given the fact that Plaintiff may be the only witness for his case, and the credibility issues that are likely to arise at trial, further postponement of trial in this matter will prejudice defendants and require the Court to expend undue resources. Although the Court has not yet been advised as to Plaintiff's current facility, the Court will explore the option of video conferencing. Even with the shortcomings of video-conferencing considered, it nonetheless provides an appropriate balance between Plaintiff's interest in attending and participating in trial and Defendants' interest in seeking closure to this litigation.

### III. Conclusion

Based on the foregoing, Plaintiff's Motion to Allow Plaintiff to be Present In-Person for Trial (Doc. 153) is **DENIED**. The Court declines to stay this matter to allow for Plaintiff to be present in-person for trial. Counsel for Plaintiff shall notify the Court by **May 1, 2020** as to where Plaintiff is currently located. The Court will contact Plaintiff's institution in an attempt to facilitate his presence at trial via video-conference[2]. Once the Court is advised of Plaintiff's institution's video-conferencing capabilities, it will set a status with the parties to set this matter for trial.

**IT IS SO ORDERED.**

**DATED: March 23, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] If Plaintiff's facility does not have video-conferencing capabilities, the Court will explore other options to move this matter toward trial.